S89A0561. STATE OF GEORGIA v. McAFEE.
(385 SE2d 651)

GREGORY, Justice.

Larry James McAfee suffered a severe injury to his spinal cord in a motorcycle accident in 1985 which left him quadriplegic. Mr. Mc-

Afee is incapable of spontaneous respiration, and is dependent upon a ventilator to breathe. According to the record there is no hope that Mr. McAfee's condition will improve with time, nor is there any known medical treatment which can improve his condition.

In August 1989 Mr. McAfee filed a petition in Fulton Superior Court, seeking a determination that he be allowed to turn off his ventilator, which will result in his death. He also prayed that the ventilator not be restarted once it is disconnected. Through the assistance of an engineer, Mr. McAfee has devised a means of turning off the ventilator himself by way of a timer. He has requested that he be provided a sedative to alleviate the pain which will occur when the ventilator is disconnected.

It is not disputed that Mr. McAfee is a competent adult who has been counseled on the issues involved in this case and has discussed these issues with his family. According to the record, his family supports his decision to refuse medical treatment.

The trial court granted Mr. McAfee's petition for declaratory relief, finding his constitutional rights of privacy[1] and liberty, *Griswold v. Connecticut*, 381 U. S. 479 (85 SC 1678, 14 LE2d 510) (1965); 1983 Georgia Constitution, Art. I, Sec. I, Par. I, and the concomitant right to refuse medical treatment outweigh any interest the state has in this proceeding. The trial court concluded that it could not order a medical professional to administer a sedative to Mr. McAfee, but held that no civil or criminal liability would attach to anyone who did so.

1. In *In re L. H. R.*, 253 Ga. 439, 446 (321 SE2d 716) (1984), this court stated that "[i]n Georgia, as elsewhere, a competent adult patient has the right to refuse medical treatment in the absence of conflicting state interest." The parties have identified four generally recognized interests of the state which must be balanced against a competent, adult patient's right to refuse medical treatment: the state's interest in preserving life; its interest in preventing suicide; preservation of the integrity of the medical profession; and protection of innocent third parties. *In re Farrell*, 529 A2d 404 (N.J. 1987); *In re Spring*, 405 NE2d 115, 123 (Mass. 1980); *In re Colyer*, 660 P2d 738 (Wash. 1983); *Bartling v. Superior Court*, 209 Cal. Reptr. 220 (Cal. 1984). The parties agree that the only interest of the state implicated in this case is the general interest in preserving life. The state concedes that its interest in preserving life does not outweigh Mr. McAfee's right to refuse medical treatment. Analyzing most of the decisions cited above, the state takes the position that, "there is simply

---

[1] In *Zant v. Prevatte*, 248 Ga. 832 (286 SE2d 715) (1982), this court recognized that a competent, adult prisoner, by virtue of his right of privacy, could refuse to allow intrusions on his person, including offerings of food and medical examinations, even though these measures were calculated to preserve his life.

no basis in this case upon which the State may intervene and oppose the exercise of Mr. McAfee's right to refuse treatment." We note that we do not have before us a case where the state's interest is in preserving the life of an innocent third party, such as the unborn child of a woman who wishes to refuse medical treatment. See generally *Jefferson v. Griffin &c. Hosp. Auth.*, 247 Ga. 86 (274 SE2d 457) (1981). Therefore we hold that under the circumstances of this case the trial court was correct in granting Mr. McAfee's petition for declaratory relief.

2. We further hold that Mr. McAfee's right to be free from pain at the time the ventilator is disconnected is inseparable from his right to refuse medical treatment. The record shows that Mr. McAfee has attempted to disconnect his ventilator in the past, but has been unable to do so due to the severe pain he suffers when deprived of oxygen. His right to have a sedative (a medication that in no way causes or accelerates death) administered before the ventilator is disconnected is a part of his right to control his medical treatment.

3. We point out that the legislature has enacted the Living Will Act, OCGA § 31-32-1 et seq., which allows a competent adult to execute a document directing that should he have a terminal condition as defined by the Act, life-sustaining procedures will be withheld. A "terminal condition" is defined as an "incurable condition caused by disease, illness or injury, which regardless of the application of life-sustaining procedures, would produce death." OCGA § 31-32-2 (10). Subsection (B) imposes the requirement that death from the terminal condition be "imminent." We held in *In re L.H.R.*, supra, that the right afforded by the Act to execute a Living Will "rises to the level of a constitutional right which is not lost because of the incompetence or youth of the patient." However, the Living Will Act does not apply where the patient, as here, does not have a "terminal condition" because death is not imminent and will not result regardless of the use of a life-sustaining procedure. As such the legislature might well choose to legislate in this area to provide appropriate non-judicial procedures for competent adult patients who do not have "terminal conditions," but who wish to exercise their rights to refuse medical treatment by the withdrawal of life-sustaining procedures.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 1989.

*Michael J. Bowers, Attorney General, Stephanie B. Manis, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.

*Neely & Player, Randall H. Davis, Alston & Bird, Bernard Tay-*

lor, Kim E. Anderson, Smith, Gambrell & Russell, David M. Brown, for appellee.

Richard L. Greene, Jack Spalding Schroder, Jr., Lisa Joan Fellner, Giles R. Scofield, M. Rose Gasner, Fenella Rouse, amici curiae.